NON-CONFIDENTIAL VERSION

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KG DONGBU STEEL CO., LTD., DONGBU STEEL CO., LTD., and DONGBU INCHEON STEEL CO., LTD.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　Defendant,<br><br>　　　and,<br><br>NUCOR CORPORATION, and STEEL DYNAMICS, INC.,<br><br>　　　　　　　　Defendant-Intervenors. | Before: Hon. Jennifer Choe-Groves, Judge<br><br>Court No. 22-00047<br><br><u>NON-CONFIDENTIAL VERSION</u><br><br>Business Proprietary Information Removed from Page: 4 |

<u>DEFENDANT-INTERVENOR'S COMMENTS IN OPPOSITION TO SECOND REMAND REDETERMINATION</u>

　　　　　　　　　　　　　　　　　　Alan H. Price, Esq.
　　　　　　　　　　　　　　　　　　Christopher B. Weld, Esq.
　　　　　　　　　　　　　　　　　　Tessa V. Capeloto, Esq.
　　　　　　　　　　　　　　　　　　Adam M. Teslik, Esq.

　　　　　　　　　　　　　　　　　　WILEY REIN LLP
　　　　　　　　　　　　　　　　　　2050 M Street, NW
　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　(202) 719-7000

　　　　　　　　　　　　　　　　　　*Counsel to Defendant-Intervenor*
　　　　　　　　　　　　　　　　　　*Nucor Corporation*

Dated: September 6, 2024

| | |
|---|---|
| Ct. No. 22-00047 | NON-CONFIDENTIAL VERSION |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

    A.   Commerce's Reconsideration of the Benefit Conferred by the Debt-to-Equity Swap Portion of KG Dongbu's Debt Restructuring Program Is Unlawful and Unsupported by Substantial Evidence ................................................... 1

III. CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bookman v. United States*,
    453 F.2d 1263 (Ct. Cl. 1972) ................................................................................................2

*Tokyo Kikai Seisakusho, Ltd. v. United States*,
    529 F.3d 1352 (Fed. Cir. 2008) ..............................................................................................2

**Administrative Materials**

*Aluminum Extrusions from the People's Republic of China*, 79 Fed. Reg. 106
    (Dep't Commerce Jan. 2, 2014) ..............................................................................................2

*Certain Softwood Lumber Products from Canada*, 87 Fed. Reg. 48,455 (Dep't
    Commerce Aug. 9, 2022) ........................................................................................................2

## I. INTRODUCTION

On behalf of Defendant-Intervenor Nucor Corporation ("Nucor"), we respectfully submit the following comments in opposition to the U.S. Department of Commerce's ("Commerce") July 5, 2024 second remand redetermination. Final Results of Redetermination Pursuant to Court Remand, *KG Dongbu Steel Co., Ltd. et al v. United States*, Ct. No. 22-00047 (Apr. 3, 2024), ECF No. 74 ("Second Remand Redeter."). For the reasons discussed below, the Second Remand Redetermination is unlawful and unsupported by substantial evidence.

## II. ARGUMENT

### A. Commerce's Reconsideration of the Benefit Conferred by the Debt-to-Equity Swap Portion of KG Dongbu's Debt Restructuring Program Is Unlawful and Unsupported by Substantial Evidence

In its Second Remand Order, the Court remanded Commerce's first remand redetermination for reconsideration, holding that the agency had not adequately cited to new record evidence or otherwise sufficiently explained its reconsideration of the benefit conferred by the first three debt-to-equity conversions in the debt restructuring program of Dongbu Steel Co., Ltd. ("Dongbu Steel"). *Id.* at 13-25. The Court explained that, on remand, "Commerce may not attempt to reverse the countervailability determinations on the first three administrative reviews in this case absent new information to address fraud or mistake of fact." *Id.* at 25. On remand, Commerce "under respectful protest" reconsidered its determination regarding first three debt-to-equity conversions, finding "no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's first through third debt-to-equity infusions." *Id.* at 6.

In its prior submissions before the Court in this appeal, Nucor has presented its position with respect to the lawfulness of and record support for Commerce's final determination and first remand redetermination. *See generally* Def.-Int. Resp. to Mot. for J. on the Agency R. (Dec. 5,

1

2022), ECF No. 38 ("Def.-Int. Resp. to Mot. for J. on the Agency R."); Def.-Int. Cmts in Support of Remand Redeter. (Dec. 22, 2023), ECF No. 67 ("Def.-Int. Cmts in Support of Remand Redeter.").

Nucor continues to believe that Commerce, as with other agencies, has the inherent authority to reconsider its prior determinations, whether or not that reconsideration is based on specific types of new evidence on the record. Reconsideration may be triggered by new evidence, but it may also result from an agency's recognition of mistakes in prior determinations. *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360-61 (Fed. Cir. 2008) (noting an agency's "power to correct its own errors or otherwise appropriately to modify its judgment, decree, or order"); *Bookman v. United States*, 453 F.2d 1263, 1265 (Ct. Cl. 1972) (reasoning that "reconsideration is often the sole means of correcting errors of procedure or substance"). Commerce's own determinations regularly consider whether there is new evidence or argument that would cause it to reconsider a determination. *See, e.g.*, Issues and Decision Memorandum accompanying *Certain Softwood Lumber Products from Canada*, 87 Fed. Reg. 48,455 (Dep't Commerce Aug. 9, 2022) (final results and final rescission, in part, of the countervailing duty admin. rev., 2020) at 221; Issues and Decision Memorandum accompanying *Aluminum Extrusions from the People's Republic of China*, 79 Fed. Reg. 106 (Dep't Commerce Jan. 2, 2014) (final results of countervailing duty admin. rev.; 2010 and 2011) at 72.

As it has in prior submissions, Nucor respectfully submits that Commerce's prior explanations cited to sufficient new evidence and otherwise adequately explained that its reconsideration of the issue was based on recognition of legal error in its prior determinations. *See generally* Def.-Int. Resp. to Mot. for J. on the Agency R.; Def.-Int. Cmts in Support of Remand Redeter.. *See also* Redetermination Pursuant to Ct. Remand Order in *KG Dongbu Steel Co., Ltd.*

*et al v. United States*, Ct. No. 22-00047 (Oct. 5, 2023) at 8, ECF No. 57 ("As part of the re-evaluation, we realized that our prior finding that no benefit was conferred by the first three debt-to-equity restructurings was inconsistent with 19 CFR 351.507."). Nucor also respectfully submits that limiting Commerce's authority to reconsider prior determinations to situations involving new information regarding fraud or mistake of fact unduly restricts the agency's discretion and, in cases such as this one, forces Commerce to perpetuate determinations that it no longer believes are consistent with its own regulatory standards.

Regardless, Commerce's Second Remand Redetermination is insufficiently explained in light of the arguments before the agency on remand. The Second Remand Redetermination is limited to the unexplained assertion that "we find no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's first through third debt-to-equity infusions." Second Remand Redeter. at 6. In comments on the draft remand redetermination, however, Nucor pointed to additional information supporting reconsideration of the first three debt-to-equity conversions that Commerce has not addressed in either the final determination or in either of its remand redeterminations.

The new information on record of the investigation relates to the Korean government's policy of influencing non-government financial institutions to actively support debt restructuring for Korean corporations. *See generally* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Corrosion-Resistant Steel Products from the Republic of Korea: Comments on Dongbu's First Supplemental Questionnaire Response* (Jan. 29, 2021), C.R 208-2011, P.R. 110-113 ("Nucor Jan. 29 Comments"). *See also* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Corrosion-Resistant Steel Products from the Republic of Korea: Comments in Advance of the*

3

*Preliminary Determination Regarding Dongbu* (June 29, 2021), C.R 252, P.R. 163, at 18-24 ("Nucor Pre-Prelim. Cmts").

Nucor pointed out the Korean government's establishment of the United Asset Management Company, Ltd. ("UAMCO"), which was tasked with "achiev{ing} financial improvement of struggling companies through a wide range of restructuring programs, including debt restructuring, capital injection, asset sales, corporate reorganization, workouts and liquidation and bankruptcy proceedings . . . ." Nucor Pre-Prelim. Cmts at 21 (citing Nucor Jan. 29 Comments at Exhibit 26). Around the time that Dongbu Steel entered the restructuring program, the Korean government "expand{ed} the role of {UAMCO} in overhauling debt-laden companies, in an effort to speed up the country's corporate restructuring." *Id*. (citing Nucor Jan. 29 Comments at Exhibit 20).

This information implicated Dongbu Steel's restructuring in particular. UAMCO's expansion "came as major banks and two policy lenders, the {KDB} and {Export-Import Bank of Korea}, were suffering from massive losses stemming from the recent collapses of big businesses, including . . . Dongbu Corp. . . ." *Id*. (citing Nucor Jan. 29 Comments at Exhibit 24). Nucor emphasized that [

] and quoted to statements by non-government UAMCO banks that "the {Korean government} may from time to time encourage or request the financial institutions in Korea, including us and our subsidiaries, to make investments in, or provide other forms of financial support to, certain institutions in furtherance of the Government's policy objectives." *Id*. at 22 (citing Nucor Jan. 29 Comments at Exhibit 26). Banks admitted to being pressured to comply "even if complying with such requests may involve

additional short-term costs and risks to a limited extent." *Id*. (citing Nucor Jan. 29 Comments at Exhibit 26).

Nucor argued not only that the combination of Korean government policy pressure and inducements was evidence that the Korean government entrusted and directed <u>all</u> of the members of Dongbu Steel's creditor committees, but also that, "at the very least, {Commerce} should reject any contention that the actions of non-government banks on the creditor committees were sufficiently independent of government influence to serve as benchmarks for any aspect of the {debt restructuring} program." *Id*. at 24. None of this information was on the record of the investigation or prior administrative reviews.

On remand, Nucor called this information to Commerce's attention for the agency to determine whether it constituted "relevant evidence in the fourth administrative review" consistent with the Court's Second Remand Order. Second Remand Redeter at 24. The Second Remand Redetermination fails to explain why this new information was insufficient to establish any "other basis on the record to conclude that a benefit was conferred on Dongbu Steel's first through third debt-to-equity conversions." *Id*. at 6. It is thus unlawful and should be remanded for further consideration.

### III. <u>CONCLUSION</u>

For the reasons discussed herein, Nucor respectfully requests that the Court find that Commerce's Second Remand Redetermination regarding the benefit conferred by the first three debt-to-equity conversions in Dongbu Steel's debt restructuring program is unlawful and remand for further consideration.

Respectfully submitted,

*/s/ Alan H. Price*
Alan H. Price, Esq.
Christopher B. Weld, Esq.
Tessa V. Capeloto, Esq.
Adam M. Teslik, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to Defendant-Intervenor Nucor Corporation*

Dated: September 6, 2024

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Comments in Opposition to Second Remand Redetermination, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019) is 1,387 words.

/s/ Alan H. Price
(Signature of Attorney)

Alan H. Price
(Name of Attorney)

Nucor Corporation
(Representative Of)

September 6, 2024
(Date)