# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KG DONGBU STEEL CO., LTD., DONGBU STEEL CO., LTD., and DONGBU INCHEON STEEL CO., LTD.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>NUCOR CORPORATION and STEEL DYNAMICS, INC.,<br><br>    Defendant-Intervenors. | **PUBLIC DOCUMENT**<br><br>Court No. 22-00047 |

## PLAINTIFFS' COMMENTS IN SUPPORT OF THE SECOND REMAND REDETERMINATION

Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed

October 7, 2024

**MORRIS, MANNING & MARTIN, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Plaintiffs*

## **TABLE OF CONTENTS**

I.  ARGUMENT .................................................................................................................. 2

    A.  Commerce's Second Remand Redetermination of No Countervailable Benefit from the First Three Debt-Equity Swaps is Supported by Substantial Evidence and Is Otherwise in Accordance with Law. ............................................................. 2

    B.  Commerce's Second Remand Redetermination that the Issue of Whether Dongbu's First Three Debt-Equity Infusions Passed Through to KG Dongbu Steel Is Moot Is Supported by Substantial Evidence and Is Otherwise in Accordance with Law. ........................................................................................................... 8

    C.  Commerce's Second Remand Redetermination on the Uncreditworthy Benchmark Rate Issue Is Supported By Substantial Evidence and Is Otherwise in Accordance with Law. ........................................................................................................... 9

    D.  Commerce's Second Remand Redetermination on the Unequityworthy Discount Rate Issue Is Supported By Substantial Evidence and Is Otherwise in Accordance with Law. ......................................................................................................... 10

II. CONCLUSION AND RELIEF REQUESTED ................................................................ 11

CERTIFICATE OF COMPLIANCE ........................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altx, Inc. v. United States*,
  370 F.3d 1108 (Fed. Cir. 2004)...........................................................................................7

*Bookman v. United States*,
  453 F.2d 1263 (Ct. Claims 1972)......................................................................................6, 7

*Dongbu Steel Co., Ltd. v.United States*,
  Ct. No. 22-00047, Slip Op. 24-38 (Ct. Int'l Trade July 3, 2024).................................... *passim*

*Macktal v. Chao*,
  286 F.3d 822 (5th Cir. 2002) ...............................................................................................6

*PPG Indus., Inc. v. United States*,
  978 F.2d 1232 (Fed. Cir. 1992)........................................................................................3, 4

*SKF USA Inc. v. United States*,
  263 F.3d 1369 (Fed Cir. 2001).....................................................................................2, 3, 6

*SMA Surfaces, Inc. v. United States*,
  658 F. Supp.3d 1325 (Ct. Int'l Trade 2023) .....................................................................9, 11

*SmithKline Beecham Corp. v. Apotex Corp.*,
  439 F.3d 1312 (Fed. Cir. 2006).......................................................................................9, 10

*Tokyo Kikai Seisakusho, Ltd. v. United States*,
  529 F.3d 1352 (Fed. Cir. 2008)...........................................................................................6

*Tolbert v. Queens Coll.*,
  242 F.3d 58 (2d Cir. 2001)..............................................................................................9, 11

**Statutes**

5 U.S.C. § 706(2)(a)..................................................................................................................6

19 U.S.C.§ 1677(5)(B)(iii).........................................................................................................7

**Other Authorities**

19 C.F.R. § 351.507 ..................................................................................................................8

19 C.F.R. § 351.524 ............................................................................................................5, 10

*Certain Corrosion-Resistant Steel Products From the Republic of Korea: Final
    Results and Partial Rescission of Countervailing Duty Administrative Review;
    2015–2016*, 84 Fed. Reg. 11,749 (Dep't Commerce Mar 28, 2019) ..........................................8

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| KG DONGBU STEEL CO., LTD., DONGBU STEEL CO., LTD., and DONGBU INCHEON STEEL CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR CORPORATION and STEEL DYNAMICS, INC., <br><br> Defendant-Intervenors. | **PUBLIC DOCUMENT** <br><br> Court No. 22-00047 |

**PLAINTIFFS' COMMENTS IN SUPPORT OF THE SECOND
REMAND REDETERMINATION**

Plaintiffs KG Dongbu Steel Co., Ltd., Dongbu Steel Co., Ltd., and Dongbu Incheon Steel Co., Ltd. (collectively "Dongbu") hereby comment in support of the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, *KG Dongbu Steel Co., Ltd. v. United States* Ct. No. 22-00047 (Ct. Int'l Trade July 3, 2024), ECF No. 76-1 ("*Second Remand Redetermination*"). The determination at issue is *Certain Corrosion-Resistant Steel Products From the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 2,759 (Jan. 19, 2022) ("Final Results"), PR 216, and accompanying Mem. (Barcode: 4200434-02) ("Final Results IDM"), PR 213. For the reasons discussed herein, the *Second Remand Redetermination* should be affirmed.

1

I. **ARGUMENT**

    A. **Commerce's Second Remand Redetermination of No Countervailable Benefit from the First Three Debt-Equity Swaps Is Supported by Substantial Evidence and Is Otherwise in Accordance with Law.**

In its *Second Remand Order*, the Court recognized that while administrative agencies generally have authority to reconsider their decisions if there are no specific statutory limitations against doing so, that authority is not boundless. *See Dongbu Steel Co., Ltd. v. United States* Ct. No. 22-00047, Slip Op. 24-38 (Ct. Int'l Trade July 3, 2024) ("*Second Remand Order*") at 16. Such reconsideration must not be arbitrary and "Commerce must still provide a reasonable explanation for treating similar situations differently, in this instance based on its own standard." *Id.* (citing *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed Cir. 2001)). The Court correctly found that in the *Final Results* and in the *First Remand Determination*, Commerce had not cited new evidence or provided a reasonable explanation "for its attempted reversal of its prior determinations in three completed administrative reviews in which Commerce determined before that the same debt-to-equity restructurings currently under review provided no countervailable benefits." *Second Remand Order* at 17. As a result, under the *SKF* standard, the Court held "that Commerce's determination that the same debt-to-equity restructurings in the prior three administrative reviews are now countervailable is arbitrary and not supported by substantial evidence." *Id.* at 18.

In the *Second Remand Redetermination*, Commerce reconsidered and found "no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's debt-to-equity infusions. Consequently, we find, under respectful protest, that no benefit was conferred on Dongbu Steel's debt-to-equity infusions and thus, that no benefit from those equity infusions pass to KG Dongbu Steel." *Second Remand Redetermination* at 6. Commerce went on to explain the reasons that it was complying under "respectful protest":

2

> While we have conducted this remand in line with the Court's opinion, we do so under respectful protest because we disagree with the Court that benefit cannot be reevaluated during each POR. It is true that absent new information, Commerce does not normally re-evaluate the financial contribution or specificity elements of a countervailable subsidy. However, with respect to benefit, the Federal Circuit has recognized that Commerce can revisit any potential benefits received during the administrative period of review.

*Id.* The Federal Circuit decision relied upon by Commerce is *PPG Indus., Inc. v. United States*, 978 F.2d 1232, 1237 (Fed. Cir. 1992).

Dongbu supports Commerce's *Second Remand Redetermination* and believes that it complies with the *Second Remand Order*. The Court correctly instructed Commerce that it needed to point to new evidence or otherwise provide a reasonable explanation for its sudden about-face in finding the first three debt-to-equity infusions were countervailable given its consistent finding in the first three administrative reviews that they were not countervailable. *Second Remand Order* at 16-18. This was consistent with the *SKF* standard and was particularly apt given Commerce's own stated practice of not reconsidering previous determinations of countervailability absent new evidence. *See id.* In reaching its conclusion, albeit under protest, Commerce considered the record as a whole and found no evidence that justified disturbing its consistent agency practice of finding the first three debt-to-equity swaps not countervailable. *See Second Remand Redetermination* at 6 ("On remand, we find no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's debt-to-equity infusions.") (emphasis added). The Court should affirm the *Second Remand Redetermination*.

Dongbu also believes that the basis for Commerce's protest of its *Second Remand Redetermination* is misplaced. The crux of Commerce's protest is that it believes that it can re-evaluate the benefit element of its subsidy determination in each administrative review, unfettered by what has occurred before and regardless of the nature of the benefit inquiry. *See*

3

*Second Remand Redetermination* at 6.  As support, Commerce invokes the Federal Circuit decision in *PPG* in an attempt to give voice to its protest.  *Id.*  But the *PPG* decision is completely inapposite to the situation at issue in this appeal.  The issue in *PPG* was whether in the context of a suspension agreement, and not an administrative review, two of the respondent companies had received prohibited subsidies during the review period, and thus violated the terms of the suspension agreement.  Although not obvious since Commerce has not fully quoted the relevant sentence, the parenthetical from that decision relied upon by Commerce was simply a response to an argument about the impact of receipt of alleged prohibited subsidies by a company that was not a party to the suspension agreement.  *See PPG Indus., Inc.*, 978 F.2d at 1237 ("Because we are reviewing compliance with the suspension agreement, to which only Flotado and Plano are parties, the relevant inquiry is whether or not they received any benefits during the period of review, not whether any other member of the Vitro group or FCE received benefits.").  Dongbu is frankly at a loss for how Commerce thinks this case supports its position that it has authority to reconsider the benefit issue for Dongbu, which had been consistent for the first three reviews, absent new evidence or a reasonable explanation.[1]

Furthermore, while Commerce can revise and calculate benefit amounts from one review to the next, that authority is inapplicable in this case.  This issue has already been thoroughly addressed by Dongbu in prior briefing and this Court addressed it:

---

[1] Dongbu notes that in the *First Remand Redetermination*, Commerce also cited to the *PPG* decision but for a different proposition.  Final Results of Redetermination Pursuant to Court Remand, *KG Dongbu Steel Co., Ltd. v. United States*, Ct. No. 22-00047, Slip Op. 23-98 (CIT July 7, 2023), ECF No. 57-1 ("First Remand Redetermination") at 7.  Namely, Commerce cited to it for the proposition that "prior decisions of specificity (whether negative or affirmative) need not be revisited in a later segment of the same proceeding absent new evidence."  *Id.*  Apparently having no success with citing it for that proposition, Commerce has tried to repurpose it here to support its authority to revisit benefit determinations under all circumstances.  As discussed, that case is even more inapposite for Commerce's benefit point.

4

> Any need to recalculate a benefit amount for each review is inapplicable for this particular program. Unlike determining the amount of a benefit under a subsidy program that changes year to year, the benefit determination to be calculated here for the fourth administrative review had nothing to do with the amounts of benefits from the first three debt-to-equity restructurings that had been calculated for past administrative reviews. Commerce usually allocates a non-recurring benefit, such as the debt-to-equity restructurings in this case, over a number of years that correspond to the average useful life allocation period. 19 C.F.R. § 351.524(b).

*Second Remand Order* at 21. Commerce is trying to fit a square peg into a round hole. There was no "benefit" determination in the first three administrative reviews for the first three debt-to-equity infusions, and thus no benefit to recalculate. And even if Commerce had previously calculated a benefit for the first three debt-equity infusions, that benefit stream would be allocated forward over the average useful life period and would not be recalculated. *See* 19 C.F.R. § 351.524(b).

For its part, Defendant-Intervenor Nucor raises a number of objections to the *Second Remand Redetermination*, none of which persuade. *See* Defendant-Intervenor's Comments in Opposition to Second Remand Redetermination, Ct. No. 22-00047 (Sept. 6, 2024), ECF No. 80 ("Nucor Comments").

First, Nucor argues that Commerce has broad inherent authority to reconsider its prior determinations, including to correct mistakes, and that this Court has unduly restricted Commerce's inherent authority to correct errors it made in the first three administrative reviews. *See* Nucor Comments at 2-3. Nucor is mistaken and the authority it relies upon does not authorize Commerce to arbitrarily reverse a prior consistent practice absent new evidence or at least a reasonable explanation. Any exercise of inherent authority cannot be arbitrary. This Court acknowledged the Federal Circuit authority cited by Nucor and the fact that an administrative agency like Commerce "generally has authority to reconsider its decisions if there

5

is no specific statutory limitation to do so." *Second Remand Order* at 16 (citing *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). But the Court also correctly found that in exercising that authority "Commerce must still provide a reasonable explanation for treating similar situations differently, in this instance based on its own standard." *Id.* at 16 (citing *SKF USA Inc.*, 263 F.3d at 1382)). The Court found that Commerce's own standard was not to re-examine the countervailability of the prior debt-to-equity restructurings absent new information of which there was none here. *Id.* at 16-17.

The *Tokyo Kikai* decision relied upon by Nucor is also tied to the context of that case where the issue was an agency's inherent authority to protect the integrity of its proceedings against fraud. *See, e.g., Tokyo Kikai Seisakusho, Ltd.*, 529 F.3d at 1361. That is not at issue in this case where there is no hint of fraud and no need for any broad exercise of agency authority to protect the integrity of Commerce's administrative review process. Furthermore, the inherent authority discussed in that case is still subject to the limit that "an agency may not reconsider in a manner that would be arbitrary, capricious, or an abuse of discretion." *Id.* at 1361 (citing 5 U.S.C. § 706(2)(a); *Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002)). Finally, such an exercise of inherent authority must be "exercised within a reasonable time period." *Bookman v. United States*, 453 F.2d 1263, 1265 (Ct. Claims 1972). Here, Commerce waited until the fourth review to try and exercise its authority to correct what it characterizes as a "mistake." Self-evidently, that is not within a reasonable period of time.

Second, Nucor argues that "Commerce's Second Remand Redetermination is insufficiently explained in light of the arguments before the agency on remand." Nucor Comments at 3. More specifically, Nucor argues that it "pointed to additional information supporting reconsideration of the first three debt-to-equity conversions that Commerce has not

6

addressed in either the final determination or in either of its remand redeterminations." *Id.* This argument is misplaced. Commerce stated in the *Second Remand Redetermination* that it found "no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's debt-to-equity infusions." *Second Remand Redetermination* at 6. Although not specifically discussing this "additional information" that Nucor thinks is a game changer, it is plain that Commerce's decision was based on its consideration of the record as whole since it specifically found "no other basis on the record" to support a different result. The fact that Commerce did not address every piece of evidence does not render its conclusion unlawful. *See Altx, Inc. v. United States*, 370 F.3d 1108, 1113 (Fed. Cir. 2004) (an agency "must address significant arguments and evidence which seriously undermines its reasoning and conclusion" but "need not address every argument and piece of evidence"). Indeed, given that Commerce's decision is being made under "respectful protest," it seems evident that had Commerce found this "new information" to be relevant or supportive of it continuing to find the first three debt-equity-swaps to be countervailable, it would have relied upon it. The fact that Commerce did not further supports the conclusion that this "new information" was considered and found wanting.

Finally, the "new information" that Nucor points to was offered to support its contention that the private banks on the creditors committee were entrusted or directed to provide a financial contribution pursuant to 19 U.S.C.§ 1677(5)(B)(iii) in connection with Dongbu's debt restructuring. *See* Nucor Comments at 4-5 (citing Nucor Comments in Advance of Preliminary Determination Regarding Dongbu (June 29, 2021) ("Nucor Pre-Preliminary Comments"), CR 252; PR 163 at 18, 21-23; Nucor Comments on Dongbu's First Supplemental Questionnaire Response (Jan. 29, 2021), CR 208-211, PR 110-113 at Exhibits 20, 24, and 26 ("Nucor Jan. 29

7

Comments").[2]  This appeal does not deal with the financial contribution issue and entrustment or direction, and thus this information is not even relevant.  Instead, the issue in this case is whether the government creditors' first three debt-equity infusions were consistent with the usual investment practice of private investors under 19 C.F.R. § 351.507(a).  *See, e.g., Certain Corrosion-Resistant Steel Products From the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2015–2016*, 84 Fed. Reg. 11,749 (Dep't Commerce Mar 28, 2019) and accompanying Issues and Decision Mem. at Comment 11, page 38.  This is an additional reason this "new information" changes nothing and does not call into question Commerce's conclusion that there is "no other basis on the record to conclude that a benefit was conferred on Dongbu Steel's debt-to-equity infusions." *Second Remand Redetermination* at 6.

In sum, Dongbu supports Commerce's *Second Remand Redetermination* and believes that it fully complies with the Court's *Second Remand Order*.

> **B. Commerce's Second Remand Redetermination that the Issue of Whether Dongbu's First Three Debt-Equity Infusions Passed Through to KG Dongbu Steel Is Moot Is Supported by Substantial Evidence and Is Otherwise in Accordance with Law.**

In the *Second Remand Order*, the Court found that Commerce's explanation that Commerce's decision in the First Remand Redetermination to follow its baseline presumption that any non-recurring subsidies received by Dongbu Steel passed through to KG Dongbu Steel because Dongbu had not provided a response to the Change-in-Ownership Appendix was not reasonable and responsive to the Court's First Remand Order.  *Second Remand Order* at 25-26.

---

[2] The new information Nucor points to can be found in Exhibits 20, 24, and 26 of Nucor's Jan. 29 Comments as these are the ones cited to in its Pre-Preliminary Comments that refer back to Nucor's Jan. 29 Comments.

In the *Second Remand Redetermination*, Commerce found that since it determined that Dongbu's first three debt-to-equity infusions did not confer a benefit, "the issue of whether Dongbu Steel's debt-to-equity infusions passed to KG Dongbu Steel is moot." *Second Remand Redetermination* at 8. Without prejudice to its prior arguments demonstrating that Commerce's previous finding in the Final Results and First Remand Redetermination regarding the pass-through issue is not supported by substantial evidence and is otherwise not in accordance with law, Dongbu agrees that Commerce's determination of no benefit from the first three debt-to-equity infusions renders the pass-through issue moot.

        **C.**        **Commerce's Second Remand Redetermination on the Uncreditworthy Benchmark Rate Issue Is Supported By Substantial Evidence and Is Otherwise in Accordance with Law.**

In the *Second Remand Order*, the Court held that "Commerce's regulation and preamble to Commerce's regulations are clear that default rates should be tied to the term of the loan." *Second Remand Order* at 39. In the *Second Remand Redetermination*, Commerce followed the *Second Remand Order* and its regulations and, for each bond or loan provided by the creditors committee, Commerce "revised the uncreditworthy benchmark interest rates to coincide with the number of years of each bond or loans' duration and applied the appropriate uncreditworthy benchmark interest rate to the bonds or loans which had remaining balances during the POR." *Second Remand Redetermination* at 10. Nucor filed no comments opposing the *Second Remand Redetermination* on this issue, and thus has waived its right to challenge it. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001)); *SMA Surfaces, Inc. v. United States*, 658 F. Supp.3d 1325, 1329 (Ct. Int'l Trade 2023) ("Even if an argument has been raised to the agency, the failure to raise that argument before the

9

court on remand generally constitutes waiver" and "summary incorporation of prior arguments cannot preserve an issue.").

Dongbu supports Commerce's *Second Remand Redetermination* and believes that it fully complies with the Court's *Second Remand Order*.

> **D.    Commerce's Second Remand Redetermination on the Unequityworthy Discount Rate Issue Is Supported By Substantial Evidence and Is Otherwise in Accordance with Law.**

In the *Second Remand Order*, the Court held that "{b}ecause Commerce's *Remand Redetermination* contradicts the plain language of Commerce's regulations, Commerce's determination is not in accordance with law." *Second Remand Order* at 39.  The Court found that "Commerce's regulation specifies that Commerce will {. . .} allocate the benefit amount conferred by an equity infusion (a non-recurring subsidy) over the same time period as the non-recurring subsidy, in accordance with 19 CFR 351.524(d)." *Id.* at 37.  In the *Second Remand Redetermination*, Commerce followed the Second Remand Order and "reconsidered its calculation of the discount rate in determining the amount of the benefit in each year of the 15-year allocation period for the AUL of the relevant assets based {on} our reconsideration of the record evidence." *Second Remand Redetermination* at 13.  Further, "{u}sing the formula for calculating the uncreditworthy interest rate, {Commerce} used 15 years, based on the AUL of this case, to calculate the default rates '$p_n$' and '$q_n$' to determine the uncreditworthy discount rate."  Commerce "then applied this discount rate in the allocation of KG Dongbu Steel's 4th equity infusion, and accordingly revised the 2019 POR subsidy rate for this program." *Second Remand Redetermination* at 14.   Nucor filed no comments opposing the *Second Remand Redetermination* on this issue, and thus has waived its right to challenge it.  *See, e.g., SmithKline Beecham Corp.*, 439 F.3d at 1320 ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

10

waived.") (quoting *Tolbert,* 242 F.3d at 75); *SMA Surfaces, Inc.*, 658 F. Supp.3d at 1329 ("Even if an argument has been raised to the agency, the failure to raise that argument before the court on remand generally constitutes waiver" and "summary incorporation of prior arguments cannot preserve an issue.").

Dongbu supports Commerce's *Second Remand Redetermination* and believes that it fully complies with the Court's *Second Remand Order.*

## II. CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, Dongbu respectfully requests that this Court sustain Commerce's *Second Remand Redetermination*; and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed

**MORRIS, MANNING & MARTIN, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 2985 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Brady W. Mills
Brady W. Mills
