# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KG DONGBU STEEL CO., LTD., DONGBU STEEL CO., LTD., DONGBU INCHEON STEEL CO., LTD., <br><br>    Plaintiffs, <br><br>  v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>  and <br><br>NUCOR CORPORATION and STEEL DYNAMICS, INC., <br><br>    Defendant-Intervenors. | Court No. 22-00047 |

## ORDER

Upon consideration of the comments regarding the Department of Commerce's (Commerce) second remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that Commerce's second remand redetermination is sustained; and it is further

ORDERED that judgment shall issue for the United States.

Dated: _____     _____
   New York, New York                                                                        JUDGE

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |
|---|---|
| KG DONGBU STEEL CO., LTD <br> DONGBU STEEL CO., LTD., and <br> DONGBU INCHEON STEEL CO., LTD. <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> NUCOR CORPORATION and STEEL DYNAMICS, INC., <br><br> *Defendant-Intervenors*. | Court No. 22-00047 |

**DEFENDANT'S RESPONSE TO COMMENTS ON  
COMMERCE'S SECOND REMAND REDETERMINATION**

|  |  |
|---|---|
|  | BRIAM M. BOYNTON <br> Principal Deputy Assistant Attorney General <br><br> PATRICIA M. MCCARTHY <br> Director <br><br> CLAUDIA BURKE <br> Deputy Director |
| OF COUNSEL: <br><br> JACK DUNKELMAN <br> Attorney <br> U.S. Department of Commerce <br> Office of the Chief Counsel for <br> Trade Enforcement & Compliance <br> Washington, D.C. 20230 <br><br> October 7, 2024 | ELIZABETH SPECK <br> Senior Trial Counsel <br> United States Department of Justice <br> Civil Division <br> Commercial Litigation Branch <br> P.O. Box 480 <br> Ben Franklin Station <br> Washington, D.C. 20044 <br> Tel: (202) 307-0369 <br> Fax: (202) 514-7965 <br> Attorneys for Defendant |

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................2

    I.     The Administrative Proceeding ..................................................................2

    II.    The Court's First Remand To Commerce................................................3

    III.   Commerce's First Remand Redetermination...........................................3

    IV.   The Court's Second Remand Order ..........................................................4

    V.    Commerce's Second Remand Redetermination .......................................4

ARGUMENT......................................................................................................................5

    I.     Standard Of Review...................................................................................5

    II.    Commerce's Second Remand Redetermination Complies With The Court's Second Remand Order ..................................................................5

CONCLUSION...................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*KG Dongbu Steel Co. v. United States*,
   648 F. Supp. 3d 1353 (Ct. Int'l Trade 2023) ...................................................................... *passim*

*KG Dongbu Steel Co. v. United States,*
   695 F. Supp. 3d 1338 (Cit. Int'l Trade 2024)……………………………..………… *passim*

*MacLean-Fogg Co. v. United States*,
   100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) ............................................................................. 6

**Statutes**

19 U.S.C. § 1516a(b) ................................................................................................................... 5

**Federal Register**

*Certain Corrosion-Resistant Steel Products from the Republic of Korea*,
   86 Fed. Reg. 37,740 (July 16, 2021) ......................................................................................... 2

*Certain Corrosion-Resistant Steel Products from the Republic of Korea: Final Results and
   Partial Rescission of Countervailing Duty Administrative Review; 2019,*
   87 Fed. Reg. 2759 (Jan. 19, 2022) ............................................................................................ 2

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KG DONGBU STEEL CO., LTD., DONGBU STEEL CO., LTD., DONGBU INCHEON STEEL CO., LTD., <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>Defendant, <br><br>and <br><br>NUCOR CORPORATION, and STEEL DYNAMICS, INC., <br><br>Defendant-Intervenors. | Court No. 22-00047 |

## DEFENDANT'S RESPONSE TO COMMENTS ON COMMERCE'S SECOND REMAND REDETERMINATION

Defendant, the United States, respectfully responds to the comments filed by defendant-intervenor Nucor Corporation, ECF No. 81-82 (Nucor Cmts.), concerning the Department of Commerce's second remand redetermination filed in accordance with this Court's remand order in *KG Dongbu Steel Co. v. United States*, 695 F. Supp. 3d 1338 (Ct. Int'l Trade 2024) (Second Remand Order).  *See* Final Results of Redetermination Pursuant to Court Remand, July 3, 2024 (Second Remand Redetermination), ECF Nos. 76-77.  For the reasons explained below, we respectfully request that the Court sustain Commerce's second remand redetermination and enter final judgment for the United States.

**BACKGROUND**

I.     **The Administrative Proceeding**

On January 19, 2022, Commerce published its final results in the 2019 countervailing duty administrative review covering certain corrosion-resistant steel products (CORE) from Korea. *See Certain Corrosion-Resistant Steel Products from the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 2,759 (Dep't of Commerce Jan. 19, 2022) (Final Results), P.R. 216, and accompanying Issues and Decision Memorandum (IDM), P.R. 213. The period of review is January 1, 2019 through December 31, 2019. *Id.*; *see also Certain Corrosion-Resistant Steel Products from the Republic of Korea*, 86 Fed. Reg. 37,740 (Dep't of Commerce July 16, 2021) (Preliminary Results), P.R. 172, and accompanying Preliminary Decision Memorandum (PDM), P.R. 173.

With respect to KG Dongbu Steel's (formerly Dongbu Steel) first three debt-to-equity conversions,[1] in a departure from its findings in the prior three administrative reviews, Commerce determined that a benefit was conferred in the entire amount of these debt to-equity infusions (*i.e.,* the amount of the first, second, and third conversions) through the GOK-owned or controlled financial institutions. PDM at 15.

Commerce also explained that KG Dongbu Steel's debt-to equity conversions were not extinguished when the company was acquired by the KG Group. IDM at 54. Thus, Commerce followed its standard practice and found that any benefit to KG Dongbu Steel (*e.g*., the debt-to-equity infusions) would pass through to KG Dongbu Steel. *Id*.

---

[1] During its 4th debt restructuring, Dongbu Steel Co., Ltd. (Dongbu Steel) and its wholly owned subsidiary Dongbu Incheon Steel Co., Ltd. merged with KG Group, leading to the creation of KG Dongbu Steel. *See* PDM at 7.

Finally, as in prior administrative reviews, Commerce determined that KG Dongbu Steel was uncreditworthy. IDM at 41-42. Thus, Commerce calculated an uncreditworthy benchmark rate pursuant to 19 C.F.R. § 351.505(a)(3)(iii). *Id*. In calculating the uncreditworthy benchmark interest rate, Commerce used a three-year AA-rated KRW interest rate, published by the Bank of Korea, as the long-term interest rate paid by a creditworthy company. IDM at 58. Commerce also calculated its discount rate for uncreditworthy companies using the benchmark interest rate described in 19 C.F.R. § 351.505(a)(3)(iii). IDM at 59.

## II. The Court's First Remand To Commerce

The plaintiffs challenged Commerce's Final Results. *See* ECF Nos. 33-34. The Court issued its remand order, ordering Commerce reconsider or further explain several aspects of its original determination, including its determination that the first three debt-to equity restructurings conferred a benefit and its determination that the benefits from those restructurings passed through to KG Dongbu Steel. *See KG Dongbu Steel*, 648 F. Supp. 3d at 1355-1362 (Ct. Int'l Trade) (First Remand Order). In addition, the Court remanded for further consideration and explanation Commerce's determination of the appropriate unequityworthy benchmark rate and the Commerce calculations of the unequityworthy discount rate. *Id.* at 1360.

## III. Commerce's First Remand Redetermination

Commerce issued its first remand redetermination in October 2023. In its redetermination, Commerce further explained its rationale for determining that KG Dongbu Steel's (formerly Dongbu Steel) first through third debt-to-equity restructurings provided a countervailable benefit. Final Results of Redetermination Pursuant to Court Remand, Sept. 12, 2023 (Remand Redetermination), ECF Nos. 55-56. Commerce also further explained its reasons for concluding that the countervailable subsides passed through to KG Dongbu Steel. Remand

3

Redetermination at 12-14. And Commerce explained its decision to apply a six-year loan rate for the uncreditworthy interest rate as well as its calculation of the unequityworthy discount rate. *Id.* at 15-18.

### IV.     The Court's Second Remand Order

In its Second Remand Order, the Court found that Commerce's finding in the first remand redetermination that Dongbu Steel's first through third debt-to-equity infusions provided a benefit was arbitrary and unsupported by substantial evidence. Second Remand Order, 695 F. Supp. 3d at 1350. The Court also remanded the remaining issues that it had remanded in the First Remand Order for reconsideration or additional explanation. *Id.* at 1350-56.

### V.     Commerce's Second Remand Redetermination

On July 3, 2024, Commerce published its second remand redetermination. In its remand redetermination, under respectful protest, Commerce reconsidered its earlier findings and concluded that the first three debt-to-equity infusions did not confer a benefit. Second Remand Redetermination at 5-6. Because Commerce concluded that the debt-to-equity conversions did not confer a benefit, it also found that the issue of whether the debt-to-equity conversions passed through to KG Dongbu Steel was moot. *Id.* at 8. With respect to the calculations of the uncreditworthy benchmarks, Commerce revised the uncreditworthy benchmark interest rates so that they "coincide{d} with the number of years of each bond or loans' duration" and then applied the appropriate uncreditworthy interest rate to the bonds or loans that had remaining balances during the period of review. *Id.* at 10. Finally, Commerce revised its calculation of the unequityworthy discount rate. *Id.* at 14.

4

# ARGUMENT

## I. Standard Of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order, are supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

## II. Commerce's Second Remand Redetermination Complies With The Court's Second Remand Order

The second remand redetermination complies with the Court's remand order. *See* Second Remand Redetermination at 1-15. Specifically, under respectful protest, Commerce reconsidered its determination and found that no benefit was conferred by Dongbu Steels' first three debt-to-equity infusions. *Id.* Commerce also reconsidered the remaining issues addressed in the Second Remand Order. Nucor challenges Commerce's determination that the first three debt-to-equity infusions did not provide a benefit. No party, however, challenges Commerce's determination on remand that the change in ownership was moot, or its calculations of the uncreditworthy benchmark and discount rates.

In its comments opposing the second remand redetermination, Nucor identifies evidence concerning Korean government influence in Dongbu Steel's creditor committees that it contends supports finding that the debt-to-equity restructurings conferred a benefit. *See generally* Nucor Cmts., at 3-5. Although Nucor maintains that Commerce has not previously addressed this information, Nucor avoids that in Commerce's first remand redetermination, Commerce identified similar information and explained that entities controlled by the Korean government exercised significant influence over Dongbu Steel's debt restructuring, including the debt-to-equity conversions. First Remand Redetermination at 9-10. This Court, however, disagreed and

5

found that this evidence did not justify departing from Commerce's standard practice.  Second Remand Order, 695 F. Supp. 3d at 1346, 1349-50.  In accordance with the Court's instructions, under respectful protest, Commerce reconsidered its benefit determination, and its determination complies with the Court's instructions.  *See* Second Remand Order at 1346-1347.  Thus, Commerce's benefit determination should be sustained.

Again, as discussed above, with respect to the remaining issues addressed in the Court's Second Remand Order, Commerce's second remand redetermination complies with the Court's instructions and no party contests Commerce's determinations and calculations.

Accordingly, we respectfully request that the Court sustain Commerce's second remand redetermination.

## **CONCLUSION**

For these results, we respectfully request that the Court sustain Commerce's second remand redetermination and enter judgment in favor of the United States.

    Respectfully submitted,

    BRIAM M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. MCCARTHY
    Director

    /s/Claudia Burke
    CLAUDIA BURKE
    Deputy Director

| | |
|---|---|
| OF COUNSEL: | /s/ Elizabeth Speck<br>ELIZABETH SPECK<br>Senior Trial Counsel |
| JACK DUNKELMAN<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>Washington, D.C. 20230 | United States Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-0369<br>Fax: (202) 514-7965 |
| October 7, 2024 | Attorneys for Defendant |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court and the Court's scheduling order in that it contains 1,581 words, including text, footnotes, and headings.

/s/ Elizabeth Anne Speck